AUGUSTUS H. EUSTIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71637. Promulgated May 31, 1934.

*Kenneth Howes, Esq.*, for the petitioner.
*Dean P. Kimball, Esq.*, for the respondent.

#### OPINION.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1930 in the amount of $398.56. The only error assigned is the action of the respondent in including in taxable income for the year certain income of a trust from December 15 to December 31, 1930. The facts were stipulated and we set forth herein only those we deem to be material for a decision of the case.

The petitioner is the grandson of Augustus Hemenway, who died on June 16, 1876, a resident of Massachusetts. Since the death of his mother, Edith Hemenway Eustis, in 1904, the petitioner has been one of the beneficiaries entitled to receive income under the provisions of the trust established under article seventh of the will of Augustus Hemenway. The trust is still in existence.

The will of Augustus Hemenway was admitted to probate in Norfolk County, Massachusetts, on July 26, 1876.

The trustees of the trust established under article seventh of the will of Augustus Hemenway have always made their Federal income tax returns on the basis of the calendar year, and on the basis of cash receipts and disbursements.

During the calendar year 1930 the trustees made income distributions to the petitioner, as one of the income beneficiaries of the trust, on June 15 and December 15, 1930. The petitioner in his individual Federal income tax return for the calendar year 1930 reported such part of the distributions made to him by the trustees on June 15 and December 15, 1930, as representing taxable income and paid the taxes shown to be due thereon.

The petitioner has always kept his books and made his Federal income tax returns on the basis of the calendar year and on the basis of cash receipts and disbursements.

During the period from December 16 to December 31, 1930, inclusive, the trustees received certain taxable income. They reported this income in their Federal income tax entity return (Form 1040) for the calendar year 1930, and paid the taxes shown to be due thereon. The petitioner's share of said income, as an income beneficiary of the trust, amounted to $1,285.99, consisting of $550.73 of dividends from domestic corporations and $735.26 of other income. The $1,285.99 was not in fact distributed to the petitioner by the trustees until June 15, 1931, and no part of it was reported in the petitioner's individual Federal income tax return for the calendar year 1930. The respondent determined that the $1,285.99 was income taxable to the petitioner for the calendar year 1930.

Article seventh of the will of Augustus Hemenway, after creating a trust with respect to certain property, provided as follows:

To pay all the remaining net rents and income, during the continuance of this trust, by semi-annual payments in every year, in equal shares, to such of the said four persons, namely, my wife and three children, as may be living at the time of payment, and to the lawful issue then living of any my child who has then deceased, (whether such my child have died before or after me) such issue taking by representation, according to the stocks, the share which such my deceased child would have taken, if living. All payments of net rents and income made under the trusts created for the benefit of my wife, children and issue, (*shall be made either into the hand of the person named, or upon his, or her, written order or receipt, given at or after the time and not by anticipation or in compliance with any assignment;* * * * [Italics supplied.]

Mary Hemenway, widow of the creator of the trust, and a beneficiary with the three children of such trust, died testate on March 6, 1894, leaving the three children surviving her. The Supreme Ju-

dicial Court of Massachusetts, in the case of *Hemenway* v. *Hemenway*, 171 Mass. 42, was asked by the trustees to determine whether any income collected by them after December 15, 1893, the date of the last semiannual payment to Mrs. Hemenway, should be paid to the executors of her will, and, if so, how the shares of the income should be apportioned as between her estate and the three children, whether as of December 16, 1893, or as of March 6, 1894. The court there said:

The language of the seventh article of the will seems to us carefully to provide for the effect of the death of the testator's widow, or of any one of his children, upon the distribution of the net rents and income. The payments are to be made from time to time out of the rents and income collected by the trustees, semiannually, reckoning from the death of the testator, and each payment is to be made " to such of the said four persons, namely, my wife and three children, as may be living at the time of payment, and to the lawful issue then living of any my child who has then deceased," etc., and " shall be made either into the hand of the person named, or upon his or her written order, or receipt, given at or after the time, and not by anticipation or in compliance with any assignment." These four persons are not given by the will any interest in the rents and income, except the right to receive these semiannual payments in the manner directed. If any one of them is not alive at the time when the payment should be made, only those living at that time are to receive the payment, and they are to receive all that is then payable. The language used seems to us necessarily to exclude any apportionment between the estate of the widow and the three children. The trustees should be instructed that there should be no apportionment of the net rents and income of the trust property received by them after December 15, 1893.

The petitioner contends that the income of the trust from December 15 to December 31, 1930, was taxable to the trustees and that the respondent erred in determining that the part thereof which is here in controversy was to be included in his income for 1930 and as taxable to him.

The Revenue Act of 1928 provides as follows:

SEC. 161. IMPOSITION OF TAX.

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, * * *

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(b) *Computation and payment.*—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). For return made by beneficiary, see section 143.

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*         \*         \*         \*         \*         \*         \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries \* \* \* but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

The petitioner, relying on the decision of the Supreme Judicial Court of Massachusetts mentioned above, urges that no part of the income of the trust for the period in controversy was on December 31, 1930, distributable to him and that it was not known on that date whether any portion of it would become distributable to him, since his right to receive any part of it was contingent upon his being alive on the date for the next semiannual payment, June 15, 1931. He insists that on December 31, 1930, the person or persons who would be entitled to receive the income from December 15 down to that date were neither ascertained nor ascertainable. The respondent contends that the income for the period was " to be distributed currently," that therefore it was an allowable deduction to the trustees in computing the net income of the trust and consequently the portion thereof here in controversy constituted taxable income to the petitioner.

While the case relied on by the petitioner appears to have involved only the rights of the estate of the widow of the grantor of the trust and their three children and the petitioner here is the son of one of the children, we think, nevertheless, what the court said is equally applicable to the case of the petitioner, since his right to a share of the income from the trust is controlled by the same provisions of the will that were construed by the court. The will provided and the court so held that only those beneficiaries who were alive on the dates of the semiannual payments were entitled to receive any part of the income of the trust for the preceding period. December 31, 1930, was not a semiannual payment date and therefore we think it is clear that because the petitioner was alive on that date he was not entitled to a part of the trust income for the period since December 15, 1930. No one knew on December 31, 1930, whether the petitioner would be alive on June 15, 1931, or what persons would be entitled on such date to receive the income of the trust arising after December 15, 1930. Under the will and the court decision, if the petitioner died prior to June 15, 1931, the portion that he

would have been entitled to on that date, if he were alive, would not have gone to his estate, but would have gone to others. The petitioner's right to receive the income in controversy being dependent upon his being alive on some date in the future, and the continuance of life until any particular date in the future being one of the most uncertain things known to human experience, we think the petitioner's interest in the income was highly contingent and at most constituted only a posibility.

The will provided and the court likewise construed it that the payments by the trustees were to be made either into the hands of the persons entitled thereto or upon their written order or receipt given at or after the time for payment and not by anticipation or in compliance with any assignment. In view of that we think it follows that on December 31, 1930, the petitioner did not have even an assignable or a disposable interest in the income which the respondent here seeks to tax to him.

Under the circumstances here presented we are unable to reach any other conclusion than that the income of the trust from December 15 to December 31, 1930, constituted income accumulated in trust for the benefit of unascertained persons or persons with contingent interests within the meaning of the provisions of section 161 (a) (1).

*Ferguson* v. *Forstmann*, 25 Fed. (2d) 47, arose under the Revenue Acts of 1918 and 1921, the pertinent provisions of section 219 (a) (2) of which are substantially identical with those quoted above from section 161 (a) (1) of the Revenue Act of 1928. In that case the court held that dividends declared by a corporation and retained and accumulated in its treasury pursuant to court order pending determination of the true ownership of stock in litigation between the stockholders and the Alien Property Custodian constituted income accumulated " for the benefit of * * * unascertained persons " on which the corporation was required to pay tax as fiduciary. The same conclusion was reached in *Ida Wolf Schick*, 22 B.T.A. 1067, where there was involved the question as to whom certain rents and other income, impounded in the hands of a receiver by order of the court during litigation to determine the true owner thereof, were taxable. The case of *Hart* v. *Commissioner*, 54 Fed. (2d) 848, arose under section 219 (a) (1) of the Revenue Act of 1926 the provisions of which are identical with those of section 161 (a) (1) of the Act of 1928. In that case Hart in 1926, pursuant to an order of a state court for the segregation of his assets pending his appeal from a judgment against him in favor of a receiver of a corporation, turned over to the receiver certain Liberty bonds. Some time in 1927, after reversal of the judgment on appeal, the bonds with the

accumulated income therefrom were restored to Hart. The Commissioner sought to tax to Hart the income from the bonds during the time they were held by the receiver. The court held that the income was taxable to the receiver as income accumulated in trust for the benefit of an unascertained person. In *O. O. Owens*, 26 B.T.A. 1147, which involved the Acts of 1916, 1918, and 1921, it was held that income from royalties impounded in the custody of a court receiver during litigation to determine the unknown heirs of the original owner was taxable to the receiver as income accumulated in trust for the benefit of unascertained persons. *Edward J. Flynn, Trustee*, 21 B.T.A. 1329; affd., 66 Fed. (2d) 394; certiorari denied, 290 U.S. 698, arose under the Acts of 1916, 1918, 1921, 1924 and 1926. There the Chamberlain of the City of New York, pursuant to court orders, was holding and investing a fund until such time as the court could determine those who were entitled to such fund, which had been awarded as compensation for a remainder interest in land taken by the right of eminent domain. It was held that the income from the fund was taxable to the chamberlain as income accumulated in trust for the benefit of unascertained persons or persons with contingent interests.

The foregoing cases establish the rule that, where income is being accumulated pending a court determination of the party finally entitled to receive it, such income is taxable to the receiver or other custodian. The reason underlying the rule is that the party who will finally become entitled to receive it is and remains unascertained until a determination by the court. Until that time the right of any person finally to receive the income is contingent upon the action of the court. Considering the facts in the instant case in the light of the above decisions, we think that the contingency here involved, the petitioner's survival from December 31, 1930, to June 15, 1931, was equally as uncertain as the contingencies involved in those decisions. We therefore conclude that the income in controversy was not taxable to the petitioner, but to the trustees, who, according to the stipulated facts, reported it in their return and paid the tax on it. The contention of the petitioner is therefore sustained.

The respondent has urged that, since under the will the income of the trust was to be distributed semiannually, it therefore was income to be distributed currently and under the provisions of section 162(b) was an allowable deduction to the trust and the amount in controversy was taxable to the petitioner. Giving the provisions of section 162(b) the construction impliedly contended for by the respondent and applying such construction to the facts in the instant case leads to the conclusion that because the petitioner was a beneficiary of the trust he was taxable on a portion of its income

826

even though he had no present right to receive or demand it, and even though it was not known and could not be determined at the end of his taxable year whether either he or his estate would ever receive it. Assuming that the respondent's contention is correct and that on the day following the close of the petitioner's taxable year the petitioner had died, the tax on the income in controversy would have been payable by the petitioner's estate, notwithstanding the fact that neither he during his lifetime nor the estate after his death had received or ever could receive the income. It clearly was not contemplated that a beneficiary would be required to pay a tax on income in the hands of a fiduciary when it was not known and could not be known whether he or his estate would ever receive it or ever be entitled to receive it. In the instant case it could not be ascertained on December 31 whether the petitioner or his estate would ever be entitled to receive the income for the period from December 15 to December 31. Some one else may have become entitled to receive it and in our opinion under such circumstances the statute does not require this beneficiary to pay a tax on such income. The contention of the respondent must be denied.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*