MASON L. DEAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 61205, 69832. Promulgated April 2, 1937.

*W. H. Cloud, Esq.*, for the petitioner.
*Carroll Walker, Esq.*, for the respondent.

## OPINION.

Hill: The first and principal issue for decision here is whether respondent erred in including in petitioner's income for 1929 the amount of $9,000 as distributable income of the trust of which petitioner was a beneficiary, and in failing to allow as a deduction from the income reported by petitioner in his return for 1930 the sum of $10,000 alleged to have been erroneously reported as distributable

income of the same trust. The applicable provisions of the Revenue Act of 1928 are quoted in the margin.[1]

Petitioner contends that all the income of the trust estate was properly taxable to the trustees, under the statute and the terms of the trust instrument, and therefore the income in controversy is not taxable to him. Respondent has submitted no brief in this case; nor did he in the deficiency letters disclose the theory or reasons upon which his action was based.

The trust instrument involved was construed by the Circuit Court of Jackson County, Missouri, the court having jurisdiction of the trustees and of the trust estate, and by decree entered on January 24, 1930, it was held in substance that payments to the beneficiaries could be made by the trustees only out of income and only at the end of each administrative year beginning with January 3, 1928, the date of the decedent's death. The decree of the circuit court was affirmed by the Supreme Court of Missouri, in so far as it related to the construction of the trust instrument, and by that construction we are bound. *Freuler* v. *Helvering*, 291 U. S. 35; *Marguerite T. Whitcomb*, 22 B. T. A. 118, 124; *McCaughn* v. *Girard Trust Co.*, 19 Fed. (2d) 218; *Hubbell* v. *Helvering*, 70 Fed. (2d) 668.

During the year 1928, the trustees paid to petitioner the sum of $9,000 from the general assets of the estate rather than from income. On January 4, 1929, the trustees paid to petitioner the sum of $1,000, and on January 4, 1930, the sum of $10,000. Petitioner reported as taxable income in his return for 1929 the amount of $1,000 paid to him by the trustees on January 4 of that year, and respondent in computing the deficiency for 1929 added thereto the sum of $9,000. In his return for 1930 petitioner reported as income the amount of $10,000 paid to him on January 4 of that year, which amount he now contends was erroneously reported and should be deducted in determining his correct tax liability for 1930. Petitioner also assails the action of the respondent in adding to income reported

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, * * *

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

for 1929 the amount of $9,000 above mentioned. Petitioner's contentions, we think, must be sustained.

As has been many times pointed out, tax liability is determinable upon the basis of annual accounting periods. Both petitioner and the trustees made their returns on the basis of calendar years. The statute imposes a tax upon the net income of a trust estate computed in the same manner and on the same basis as in the case of an individual. It is the clearly expressed intention of Congress to exact a tax upon all the income of a trust estate, but in some instances the tax is payable by the fiduciary, in others by the beneficiary, or a part may be payable by each. In the case of income accumulated in trust for the benefit of unascertained persons or persons with contingent interests, the tax is payable by the fiduciary. Such, in our opinion, is the situation presented here.

As of December 31 of each of the taxable years, it was the duty of the trustees to report all income of the trust estate earned during that year, deducting therefrom, in addition to other deductions, the amount of the income distributed or then distributable to the beneficiaries, whether or not distribution had actually been made. Any income so deducted, the statute required the beneficiaries to include in their net income.

At the close of each of the taxable years, there was no income of the trust estate distributable to this petitioner. His interest therein was wholly prospective or contingent. The will of the decedent authorized payments of income to be made by the trustees to the beneficiaries only upon their personal receipts, without any power whatever to encumber or dispose of the same by way of anticipation prior to actual payment. Payments were to be made to this petitioner as a beneficiary of the trust estate, so long as he should live. Upon his death, therefore, his interest as beneficiary would cease. In such event he could no longer execute personal receipts for payments, and he was without power to assign, transfer, or otherwise dispose of his interest by way of anticipation. His estate could not acquire any interest in the trust income.

The income earned by the trust during each of the taxable calendar years did not become distributable and could not be distributed by the trustees under the terms of the trust instrument, as construed by the state courts, until on or after January 4 of the following year. Hence, at December 31 of each taxable year, it could not be known what beneficiary would become entitled to receive the accumulated income on the following January 4. If petitioner had died subsequent to December 31 and prior to the later date, neither he nor his estate would have any interest in the income earned during the preceding calendar year, but the will provided that such income should

be added to and become a part of the corpus of the trust estate and ultimately be distributed to others, together with the original principal fund.

The income earned by the trust estate from January 1 to 3, inclusive, of each year became distributable and was in fact distributed to the beneficiaries on January 4, within the calendar year. The amount so distributed to petitioner, if any, was deductible by the trustees and should be included by petitioner in his net income. However, the income earned by the trust estate from January 3 to December 31 of each taxable year was not distributable until January 4 of the following year, and this income, in our opinion, was at December 31 of each year income accumulated in trust for the benefit of unascertained persons or persons with contingent interests, within the meaning of the taxing statute. Also, under the express terms of the will as construed by the Missouri courts, the income earned in any calendar year after January 3 was not distributable within such calendar year regardless of any question as to unascertained beneficiaries or contingent interests. Such income was taxable to the trustees, and could not again be taxed to the petitioner as income when distributed to him in the following year, after he had become an ascertained person or his contingent interest had become vested and for the further reason that such income was distributable in no event until January 4 next following the calendar year in which it was earned. While the statute requires a tax to be paid upon all the income of the trust estate, it does not contemplate double taxation, or payment of tax by the trustees and a second payment of tax on the same income by the beneficiaries.

In *Augustus H. Eustis*, 30 B. T. A. 820, the facts in all material respects were the same as in the present case, and we there held that the income earned by the trust estate from the last distribution date to the close of the taxable year was income accumulated in trust for the benefit of unascertained persons or persons with contingent interests, and was taxable to the trustees. In our opinion beginning at page 825, we said:

The respondent has urged that, since under the will the income of the trust was to be distributed semiannually, it therefore was income to be distributed currently and under the provisions of section 162 (b) [Revenue Act of 1928, *supra*] was an allowable deduction to the trust and the amount in controversy was taxable to the petitioner. Giving the provisions of section 162 (b) the construction impliedly contended for by the respondent and applying such construction to the facts in the instant case leads to the conclusion that because the petitioner was a beneficiary of the trust he was taxable on a portion of its income even though he had no present right to receive or demand it, and even though it was not known and could not be determined at the end of his taxable year whether either he or his estate would ever receive it. Assuming that the respondent's contention is correct and that on the day following the

close of the petitioner's taxable year the petitioner had died, the tax on the income in controversy would have been payable by the petitioner's estate, notwithstanding the fact that neither he during his lifetime nor the estate after his death had received or ever could receive the income. It clearly was not contemplated that a beneficiary would be required to pay a tax on income in the hands of a fiduciary when it was not known and could not be known whether he or his estate would ever receive it or ever be entitled to receive it.

And see also *Guitar Trust Estate*, 34 B. T. A. 857, 865, where we applied substantially the same principle in holding that income credited to the invested capital accounts of the beneficiaries on the books of the trust after the close of the taxable year did not constitute credit in such year, and was not allowable as an additional deduction in computing the net income of the trust.

The case of *Mary Clark de Brabant*, 34 B. T. A. 951, is clearly distinguishable on the facts from the instant proceeding. There, distributable income of a trust was withheld during the taxable year by the trustee on the ground that a part or all of the amount withheld was corpus and not income, but it was conclusively adjudicated in a later year as distributable income, and we held it was taxable not to the trust, but to the beneficiary for the year when it became distributable, whether or not it was then distributed. In the case at bar no part of the income in controversy (other than the income earned, if any, between the dates of January 1 and 3 of each year) was *properly distributed* or *distributable* within the respective taxable years.

On authority of the decisions hereinabove cited, we hold that the income in question, except to the extent before mentioned, is not taxable to petitioner. If any part of the income was earned by the trust estate during the period January 1 to 3, inclusive, of either taxable year, such amount is properly includable in petitioner's net income for such year. The parties may stipulate the amount so earned, if any, and the stipulation will be given effect in the recomputation under Rule 50. Otherwise, upon motion of either party, these proceedings will be set down for further hearing, at which time evidence may be offered to establish the necessary facts.

The conclusion reached above renders it unnecessary, at least at this time, to consider the second issue raised by petitioner. Unless it shall be made to appear that some portion of the trust income is taxable to petitioner, he is not entitled to any deduction for depreciation of the trust property.

On brief petitioner argues that he is entitled to an additional deduction of $462.50 from income for 1930 on account of amortization of the gift tax paid by petitioner because of the gift to him out of the estate of his mother. The parties stipulated that such a deduction was allowed by respondent for 1929, but was neither

claimed nor allowed for 1930. We have no further information concerning this item, and the stipulation on its face obviously is insufficient to sustain petitioner's contention. Furthermore, the issue was not raised in the pleadings, and therefore will not be considered by us here. *Citizens National Trust & Savings Bank of Los Angeles*, 34 B. T. A. 140, 145; *Ned Wayburn*, 32 B. T. A. 813; *Coosa Land Co.*, 29 B. T. A. 389, 394.

*Judgment will be entered under Rule 50.*