COMMISSIONER OF INTERNAL REVENUE v. DEAN.

No. 1738.

Circuit Court of Appeals, Tenth Circuit.

March 3, 1939.

700

Ellis N. Slack, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and J. Louis Monarch, Norman D. Keller, and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., on the brief), for petitioner.

· Wendell H. Cloud, of Kansas City, Mo., for respondent.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This petition to review a redetermination of the Board of Tax Appeals presents the question whether certain trust income was taxable to the trustees or the beneficiary of the trust.

Oliver H. Dean died testate on January 3, 1928. After making certain bequests, he bequeathed the rest, residue, and remainder of his estate to two trustees for administration in trust and ultimate distribution in the manner therein provided. Respondent here was one of the named trustees and a beneficiary. The will directed the trustees to pay out of the net income of the estate to respondent and another named beneficiary, each, the sum of $10,000 per year so long as they should respectively live; provided that such payments should be made only upon the personal receipts of such beneficiaries, without any power on their part to encumber or dispose of the same in any manner by way of anticipation prior to actual payment; and provided that the balance of the net income, if any, should yearly and every year be added to and become part of the corpus of the trust fund and estate. The trustees initially interpreted the will to authorize payment of the annual sum in monthly installments. Acting under that interpretation they made monthly payments in 1928 from the general assets of the estate rather than from net income. Authority to make payments in that manner was questioned. A circuit court of competent jurisdiction in the State of Missouri construed the will and determined that payments to the beneficiaries could be made only out of net income and only at the end of each administrative year

beginning with January 3, 1928; and the decree was affirmed by the supreme court of the state insofar as it related to such construction of the trust instrument. On January 3, 1930, the trustees paid to respondent the sum of $10,000 from the net earnings of the estate; and he included the amount in his return for the year 1930. He later contended that it was erroneously included and should be deducted in determining his tax liability for that year. The commissioner rejected the contention. On redetermination, the Board held that the income earned by the trust estate from January 1 to 3, inclusive, of each year became distributable on January 4, within the calendar year, and that respondent was liable for the amount thereof, if any, distributed to him; but that the fiduciary was liable for the tax on the income earned from January 3 to December 31, inclusive. 35 B.T.A. 839. The commissioner complains.

■ The construction placed upon the trust instrument by the courts of the State of Missouri in which it was determined that payments to the beneficiaries were authorized only out of net income and only at the end of the administrative year fixed the rights of all parties respecting the time at which and the source from which such distributions could be made. And that adjudication is binding in respect to the property rights of the trustees and the beneficiaries for the purpose of determining liability for income tax. Freuler v. Helvering, 291 U.S. 35, 54 S. Ct. 308, 78 L.Ed. 634; McCaughn v. Girard Trust Co., 3 Cir., 19 F.2d 218; Hubbell v. Helvering, 8 Cir., 70 F.2d 668.

■ Section 161 of the Revenue Act of 1928, 45 Stat. 791, 838, 26 U.S.C.A. § 161, provides that the taxes imposed upon individuals shall apply to the income of any kind of property held in trust; and it textually includes income accumulated for the benefit of unascertained persons or persons with contingent interests, income accumulated or held for future distribution, income which is to be distributed currently by the fiduciary to the beneficiaries, and income which in the discretion of the fiduciary may be either distributed or accumulated. Section 162, 26 U.S.C.A. § 162, provides that the net income of the trust shall be computed in the same manner and on the same basis as in the case of an individual, except that there shall be allowed as an additional deduction the amount of income which the fiduciary is to distribute currently to the beneficiaries but that the amount so deducted shall be included in computing the net income of the beneficiaries whether distributed to them or not. And section 143, 26 U.S.C. A. § 142 provides for the making of a fiduciary return and directs what it shall contain. It thus is the duty of the trustee to include in the fiduciary return the gross income of the trust estate, but he is allowed to deduct therefrom the amount he is required to currently distribute to the beneficiary, and the beneficiary is liable for the tax on the amount currently distributable to him. If no amount is currently payable the trustee is not entitled to any deduction and the beneficiary is not liable for tax on any part of the income. It is only where an amount is presently payable that the fiduciary is entitled to a deduction and the beneficiary is taxable. Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365; Freuler v. Helvering, supra. But actual payment is not essential in order for the beneficiary to become liable for the tax on the amount distributable to him. The test under the act is whether he has a present vested right to receive the distribution. If so, the statute commands that it be treated as his income and he becomes liable for the tax on it. Freuler v. Helvering, supra.

■ Here, the trustees and the respondent made their respective returns on the basis of the calendar year. It, therefore, was the duty of the trustees to include in the fiduciary return the income of the trust estate at the end of each calendar year. But the commissioner contends that the item of $10,000 now in question was currently distributable at the end of the calendar year; that the fiduciary should have claimed a deduction in that amount; and that it was taxable to respondent and was properly included in computing his net income, even though not actually paid to him until later. Under the plain terms of the trust as construed by the courts of Missouri, the trustees were not authorized to pay any sum to respondent at the end of the calendar year. They had no authority whatever to pay him any amount until the close of the administrative year. And the payment authorized at that time could be made only out of net income. If there was net income at the end of the calendar year but due to intervening changes none existed

at the close of the administrative year, no payment could be made. Likewise, in the event of the death of respondent intermediate the two dates he could not receive and receipt for the distribution and his estate would not become entitled to it. Plainly, respondent did not have a present vested right to the money at the end of the calendar year. He had only a prospective contingent right which could not ripen into a present vested right before the close of the administrative year. Although only three days intervened between the dates on which the respective years ended, the income was not currently distributable at the close of the calendar year. It was held at that time for the benefit of unascertained persons or persons with contingent interests; it was held for persons whose identity could not be ascertained until the end of the administrative year.

Measured by the terms of the statute, respondent was liable for the tax only on that part, if any, of the income earned between January 1 and 3, and distributable to him on January 4—during the calendar year. The income earned between January 4 and December 31 was taxable to the fiduciary.

The order of the Board of Tax Appeals is affirmed.