### GRAHAM et al. v. MILLER, Collector of Internal Revenue.
#### Civil Action No. 1815.

District Court, W. D. Pennsylvania.

Oct. 8, 1942.

Alter, Wright & Barron and Gifford K. Wright, all of Pittsburgh, Pa., for plaintiffs.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Michael Gould, Sp. Assts. to Atty. Gen., and Charles F. Uhl, U. S. Atty., and Elliott W. Finkel, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

The court finds the facts as set forth in a stipulation offered in evidence by the parties herein, and marked filed April 28, 1942, now referred to and made part hereof.

### Conclusions of Law

I. Under the terms of the trust created by will of Nettie McKee Graham, the income of the trust for the year 1940 was not currently distributable to the beneficiaries thereof in 1940, but was distributable on January 1, 1941.

II. The trustees under the will of Nettie McKee Graham, in computing the income of the trust estate for the calendar year 1940, were not entitled to a deduction from the taxable income of the trust of amounts thereof distributable to the beneficiaries thereof on January 1, 1941.

III. The beneficiaries of the trust created by will of Nettie McKee Graham had not a vested, but a contingent, interest in the income of the trust estate for the year 1940 prior to January 1, 1941.

IV. The trustees of the estate created by will of Nettie McKee Graham were taxable upon the total net income of such estate in the year 1940.

V. Judgment should be entered in favor of the defendant.

### Discussion

The plaintiffs, trustees under the will of Nettie McKee Graham, have brought the instant action to recover a deficiency tax, assessed against them for the year 1940. The wording of the will, so far as it is material here, is as follows:

"Until the said trust shall cease, such person or persons as would be entitled on the first day of each successive year to my estate were it then to pass under the intestate laws of Pennsylvania, shall be entitled to the net income arising from my Principal Trust Estate during the preceding year, in such shares, respectively, as they would severally take in my estate were it to then pass under the intestate laws."

The plaintiff trustees, prior to 1940, had claimed and been allowed as a tax deduction for the preceding year, under Section 162(b) of the Revenue Code, 26 U.S.C.A. Int.Rev.Code § 162(b) the amounts payable to beneficiaries on January first of the succeeding year. The Commissioner held that such payments had not been currently distributed to beneficiaries in 1940, and were not distributable in that year, and, therefore, that the trustees were not entitled to the deduction claimed.

Sections 161 and 162 of the Revenue Code, as far as relevant, follow:

"§ 161. Imposition of tax

'(a) Application of tax. The taxes imposed by this chapter upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or dis-

tributed as the court may direct; * * *" 26 U.S.C.A. Int.Rev.Code, § 161.

"§ 162. Net income

"The. net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \*

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *" 26 U.S.C.A. Int. Rev.Code, § 162.

It is certain that tax upon the income of a trust is payable by either the trustee or the beneficiary. If such income is payable to the beneficiary during a tax year, it is taxable to him for that year even though not actually distributed to him; and if not paid or payable to him in that year the tax must be paid by the trustee. Accepting this proposition as sound, it follows that the income of the trust was not currently distributable to the beneficiaries in 1940. The will of the creator of the trust names no beneficiaries, but describes them as "such person or persons as would be entitled on the first day of each successive year to my estate were it then to pass under the intestate laws of Pennsylvania, shall be entitled to the net income arising from my Principal Trust Estate during the preceding year * * *." Manifestly the beneficiaries could not be definitely known until January 1, 1941, and distribution of the 1940 income could not properly be made to them by the trustees, and, so far as appears, was not made. In 1940 the beneficiaries had contingent interests in the income of that year, but their interests did not become vested until the first day of the succeeding year.

The beneficiaries having received none of the income of the trust in 1940, and the trustees having possession of it (and bound by the terms of the trust to keep possession of it) throughout that year, the latter were properly chargeable with the tax thereon.

A case substantially parallel with the instant matter is Commissioner v. Dean, 10 Cir., 102 F.2d 699. The testator of that case created a trust whereby $10,000 was to be paid yearly to each of two beneficiaries so long as they should respectively live. Construing the will a State Court determined that payments to the beneficiaries could be made only at the end of each administrative year beginning January 3, 1928. On January 3, 1930, the trustees paid to a beneficiary the sum of $10,-000, who included this amount in his return for 1930. Later he contended that the inclusion was erroneous. The Commissioner rejected his claim that the amount should be deducted from his income for the year. The Board of Tax Appeals held that the income earned from January 1 to 3, inclusive, of each year became distributable on January 4, within the calendar year and that the beneficiary was liable for tax upon the amount of income earned in 1930, if any distributed to him; but that the fiduciary was liable for the tax on income from January 3, to December 31, inclusive. The Circuit Court of Appeals sustained the finding of the Board.

Counsel for the plaintiffs has attempted to distinguish the instant case from Commissioner v. Dean by calling attention to the fact that in the Dean case the administrative year ended on January 3d, while in this case the calendar year ended on December 31. Their attempt is without merit. At the end of each calendar and each administrative year its succeeding year begins. There is no overlapping. True, in the Dean case the Board of Tax Appeals held that income of the trust earned in the calendar year of the distribution prior to the distributive date might be taxable to the beneficiary if he received it. That finding of the Board was not the basis of the Dean decision, and is not a matter with which the court is here concerned. The instant case is one in which the entire income was earned while the estate was in the hands of the trustees, and prior to the year of distribution. That income was accumulated for persons with contingent interests, and was held for future, not current, distribution. So finding the court must enter judgment for the defendant.