## GRAHAM et al. v. MILLER et al.

### No. 8202.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 3, 1943.

Decided Aug. 4, 1943.

Rehearing Denied Sept. 20, 1943.

Gifford K. Wright, of Pittsburgh, Pa. (Alter, Wright & Barron, of Pittsburgh, Pa., on the brief), for appellants.

Carolyn E. Agger, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen. and Sewall Key, and Helen R. Carloss, Sp. Assts. to the Atty. Gen., and Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., on the brief), for respondents.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

This case was heard on an agreed statement of facts. The question presented for our determination is whether the plaintiffs, as trustees under the will of Nettie McKee Graham, are entitled to claim as a deduction for tax purposes from the income of the trust for the year 1940 the amount of $65,026.52, this being the sum which was distributable on January 1, 1941, to the beneficiaries. The tax period of the trust coincided with the calendar year. The Commissioner disallowed the deduction though he had allowed a similar deduction for the prior year. The District Court sustained the Commissioner. See 46 F. Supp. 900.

The seventh article of Mrs. Graham's will provides that the residue of the estate shall be held in trust and that on the first day of every calendar year the income, after allowances for taxes and expenses, shall be paid to "* * * such person or persons as would be entitled on the first day of each successive year to my estate were it then to pass under the intestate laws of Pennsylvania, * * *".

The plaintiffs assert that the income of the trust is currently distributable to the beneficiaries and that therefore the plaintiffs are entitled to the deduction pursuant to the provisions of Section 162(b) of the

Internal Revenue Code, 26 U.S.C.A. Int. Rev. Code, § 162(b). The defendant contends that the income was accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, is not currently distributable and therefore is taxable to the trust estate under Section 161(a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev. Code, § 161, and that therefore the trustees are not entitled to the deduction claimed. The pertinent provisions of the respective sections of the Internal Revenue Code are set out below.[1]

The plaintiffs make an elaborate argument based upon comparison of certain provisions of Section 219 of the Revenue Act of 1921, 42 Stat. 246, with the provisions of subsequent Revenue Acts and of the present Internal Revenue Code. Section 219(a) (4) of the 1921 Act provided that a tax should be imposed upon the income from property held in trust, including "Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals * * *", while Section 219(a) (2) of the 1924 Act, 43 Stat. 275, provided for a tax to be imposed upon "Income which is to be distributed currently by the fiduciary to the beneficiaries, * * *". In substance the plaintiffs contend that this change indicated the intention of Congress to eliminate from the tax law the conception that income currently distributable must be distributable within the taxable year. The plaintiffs rely on two opinions of General Counsel for the Bureau of Internal Revenue, set out in Internal Revenue Cumulative Bulletin X-2 and the Internal Revenue Cumulative Bulletin XIV-2, overruling an earlier opinion of counsel contained in Internal Revenue Cumulative Bulletin II-2. The estate under consideration obviously was that of Augustus H. Eustis. See Eustis v. Commissioner of Internal Revenue, 30 B.T.A. 820. The income of the estate was to be paid periodically on June 15 and December 15 of each year to such of the classes of persons as "may be living at the time of payment." The Board of Tax Appeals decided that the income was accumulated in trust for the benefit of unascertained persons with contingent interests within the purview of Section 161(a) (1) of the Revenue Act of 1928, 45 Stat. 838, 26 U.S.C.A. Int.Rev. Code, § 161(a) (1), and was not income "to be distributed currently" within the meaning of sub-paragraph (2) of the Act. The sections of the 1928 Act are identical in pertinent provisions with those now under consideration. The Board in the Eustis case held that the income was taxable to the trustees. The Commissioner acquiesced in the decision probably because of the opinion of counsel expressed in Bulletin II-2. The subsequent opinions of General Counsel for the Internal Revenue Bureau are helpful to the plaintiffs because the income of the type of trusts under consideration in these bulletins was held "to be distributed currently" by the fiduciaries to the beneficiaries when the income was payable semi-annually, as was stated in Bulletin XIV-2, "at all events and without condition, irrespective of who the ben-

---

[1] Section 161:

"(a) Application of tax. The taxes imposed by this chapter upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;
* * * * *

"(b) Computation and payment. The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor)."

Section 162:

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(a) * * *

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *".

eficiaries at the time might be."[2] But compare Freuler v. Helvering, 291 U.S. 35, 42, 54 S.Ct. 308, 311, 78 L.Ed. 634, wherein Mr. Justice Roberts states, "The test of taxability to the beneficiary is not receipt of income, but the present right to receive it."

The word "current" means "Now passing, as time, or belonging to the present time or season; as the current month; current fashions."[3] The word "current" has no fixed meaning in time and does not signify a certain number of days, weeks or months. The word must be considered always in the context in which it is used.[4] In the law of income taxation the word "current" must refer to some taxable period; in the instant case, the taxable year. We cannot see how it can mean anything else. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383.

It follows that the income in the case at bar was not currently distributable by the trustees to the beneficiaries because it was not distributable to persons who could be ascertained within the taxable year, that is to say, within the year 1940.

The distinction may seem a technical one, but we think that it goes to the substance of the law. Since the net income of Mrs. Graham's trust is distributable to the persons who become entitled thereto on the first day of the year 1941 it is not distributed currently unless that word be given some such meaning as "next in point of time." Such a definition obviously is incorrect. It follows also that the income of the trust in the case at bar is taxable within the provisions of Section 161(a) (1), for it is income accumulated in trust within the taxable year for the benefit of unascertained persons. Compare Commissioner of Internal Revenue v. Dean, 10 Cir., 102 F.2d 699,[5] affirming 35 B.T.A. 839.

The judgment of the court below is affirmed.

JONES, Circuit Judge (dissenting).

By the terms of the testamentary trust here involved the trustee is under the duty of distributing annually the whole of each calendar year's accrued net income to beneficiaries who are ascertainable immediately upon the close of the year.[1] If that does not constitute a current distribution of the trust income, then I must confess to a misapprehension of the description. In fact, it has seemed to me that

---

[2] See p. 243 of Internal Revenue Cumulative Bulletin XIV-2, the opinion having been written by Mr. Robert Jackson.

[3] Webster's New International Dictionary, Second Edition.

[4] For example, current wages or earnings are those which are paid periodically as the work is performed. Bruton v. Tearle, 7 Cal.2d 48, 59 P.2d 953, 106 A.L.R. 580; J. M. Radford Grocery Co. v. McKean, Tex.Civ.App., 41 S.W.2d 639.

[5] From the opinion in the Dean case it appears that the Supreme Court of Missouri construed Dean's will and determined that payments to the beneficiaries could be made only out of net income and only at the end of each administrative year beginning with January 3, 1928. On January 3, 1930, the trustees under the will paid to one of the beneficiaries the sum of $10,000 from the net earnings of the estate and he included this amount in his income tax return for the year 1930. He later contended that he had erroneously included this amount and that it should be deducted in determining his tax liability for 1930. The Commissioner rejected his contention. The Board held that the income earned by the trust estate from January first to January third, inclusive, of each year, became distributable on January fourth, within the calendar year, and that the taxpayer was liable for the amount thereof, if any, distributed to him; but that the trustees were liable for the tax on the income earned from January third to December thirty-first, inclusive. The Court of Appeals for the Tenth Circuit stated, 102 F.2d 702, "Although only three days intervened between the dates on which the respective [tax and calendar] years ended, the income was not currently distributable at the close of the calendar year." The decision of the Board was affirmed in all respects.

[1] The trust in this case was created by the will of a testatrix who died December 24, 1914. With respect to the distribution of income from the trust the will provides as follows:

"Until the said trust shall cease, such person or persons as would be entitled on the first day of each successive year to my estate were it then to pass under the intestate laws of Pennsylvania, shall be entitled to the net income arising from my Principal Trust Estate during the preceding year, in such shares, respectively, as they would severally take in my estate were it to then pass under the intestate laws."

the currency of a distribution of trust income is determinable according to the extent and period of the payment rather than upon the ascertainment of those who take as beneficiaries so long as the trust does not offend against the rule respecting accumulations. It then becomes pertinent to consider whether the instant trust so offends.

Of course, where the persons who, as beneficiaries, are to receive the income for a particular period may change during the hiatus between the close of the income year and the time for determining who qualify as beneficiaries, an accumulation, such as is excluded by Sec. 161 of the Internal Revenue Code, may be effected. In was in such circumstances that the trust in Commissioner v. Dean, 10 Cir., 102 F.2d 699, 702, was deemed to work an accumulation of income "for the benefit of unascertained persons or persons with contingent interests; * * * persons whose identity could not be ascertained until the end of the administrative year [three days after the close of the calendar (income) year]." In the Dean case, the income for the calendar year was not distributable until January 3rd of the succeeding year when the beneficiaries thereof first became ascertainable. In the meantime the right of those who would have taken as beneficiaries at the close of the calendar year could be lost. But such is not this case. Here the income at the close of the calendar year was distributable to the beneficiaries who became absolutely certain with the instantaneous advent of the New Year. To hold that, because the beneficiaries of the annual net income which has accrued up to midnight of December 31st cannot be definitely known until a split second later, an accumulation of income is thereby effected seems to me to substitute fancy for legal possibility without regard for reality.

It is my opinion that under the terms of the trust here involved there is a current distribution of income to beneficiaries whose right to receive it is concomitant with the end of the calendar (income) year and that there is neither accumulation of income in trust for the benefit of unborn or unascertained persons or persons with contingent interests nor is there an accumulation for future distribution. Neither does the trustee's day to day retention of income within the limits of the permissible period for distribution constitute an accumulation of income. Had the testatrix provided that the income for the calendar year should be distributed annually to those who at midnight of December 31st qualified as beneficiaries in accordance with her will, concededly there would have been no accumulation of income. Yet the day to day retention of income throughout the calendar year would have been the same as under the will as written.

With the income distributable currently and not accumulated for any purpose, it follows that it is taxable to the ascertained distributees for the year in which it was received by the trust, whether actually distributed or not (see Freuler v. Helvering, 291 U.S. 35, 40-42, 54 S.Ct. 308, 78 L.Ed 634), and that the fiduciary in its tax return for the trust for the income year is entitled to a pro tanto deduction, as allowed by Sec. 162 of the Internal Revenue Code, to the extent of the income currently so distributable. Such indeed was the Commissioner's own view, as applied to this very trust, throughout all prior tax years until 1940, when following the late decision in the Dean case, supra, he disallowed the fiduciary's deduction for distribution of the calendar year's income to the beneficiaries and assessed a tax accordingly against the trust. As already indicated, I am unable to see how the decision in the Dean case furnishes any justification for the Commissioner's departure from his former ruling which I think correctly applied the law so far as the facts attendant upon the instant trust are concerned. I therefore dissent from the order now entered by the majority.