**HALLOWELL v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 9167.**

Circuit Court of Appeals, Third Circuit.
Argued Oct. 22, 1946.
Decided March 4, 1947.

Charles S. Jacobs, of Philadelphia, Pa. (Wm. R. Spofford, Sherwin T. McDowell, and Ballard, Spahr, Andrews & Ingersoll, all of Philadelphia, Pa., on the brief), for petitioner.

Hilbert P. Zarky, of Washington, D. C. (Douglas W. McGregor, Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Spec. Assts. to Atty. Gen. on the brief), for respondent.

Before BIGGS, ALBERT LEE STEPHENS and KALODNER, Circuit Judges.

BIGGS, Circuit Judge.

On September 27, 1937 the taxpayer's husband established an irrevocable trust ("No. 2 Trust") to which he conveyed certain stocks, naming his son as trustee. The second paragraph of the indenture provided that, "The said Trustee shall hold said shares of stock and any stock dividends paid thereon intact during the natural life of my wife, Blanche N. Hallowell, and collect the net income thereof. Within thirty days after the expiration of any fiscal year the beneficiary shall notify the Trustee in writing if she desires the income collected

during the past fiscal year or any part thereof paid to her. Any part of said income retained shall be added to the principal of said trust estate. The Trustee shall have the right at the end of any year, in case there is no income or insufficient income has been received during the immediate past year, to provide for the comfortable support and maintenance of the beneficiary, to recognize and act upon said request, and pay out from principal or corpus on written notice from the beneficiary to the Trustee during said period of thirty days after the expiration of any fiscal year such sums as may be necessary for the comfortable support and maintenance of said beneficiary. Without in any way limiting the foregoing, the Trustee may if he deems it to be of benefit to the trust or the beneficiary pay out to the beneficiary all or such part of income as received as he may from time to time deem advisable."

The third paragraph of the indenture provided that after the petitioner's death the income should be paid to certain persons named in the petitioner's will, if then living, and, in default of appointment by the petitioner, the income should be disposed of in a manner not here pertinent.

On November 25, 1939 the petitioner's husband established another trust ("No. 3 Trust") in which the petitioner was also named as the primary income beneficiary. The pertinent provisions of the indenture creating this trust are substantially identical with those of the No. 2 indenture.

The income of the two trusts was reported on a fiscal year basis, ending on August 31 for the No. 2 Trust and October 31 for the No. 3 Trust. The petitioner filed her income tax returns on a calendar year basis. During the taxable years in question, 1938, 1939 and 1940, the petitioner did not request that any trust income be paid to her and the income was accumulated. She did not include the income of the trusts in her returns. The Commissioner assessed deficiencies, ruling that the petitioner was the owner of the income because of her power to demand and receive it and that therefore the income was taxable to her under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22 (a).[1] The Tax Court sustained the Commissioner. 5 T.C. 1239. The appeal at bar followed.

The taxpayer contends that Sections 161 and 162 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 161 and 162, apply; that under their provisions the income from the trusts in the taxable years in question was taxable to the trusts and not to her. She relies on Eustis v. Commissioner, 30 B.T.A. 820, seemingly acquiesced in by the Commissioner, 1940-1 C.B. 2; on Commissioner of Internal Revenue v. Dean, 10 Cir., 102 F.2d 699; in particular on Graham v. Miller, 3 Cir., 137 F.2d 507 and on G.C.M. 21799, 1940-1 C.B. 159. The petitioner points out that by G.C.M. 21799 the Commissioner appeared to acquiesce in the Dean and Graham decisions.

An examination of the provisions of the respective sections of the tax law makes apparent the functions conceived for them by Congress. It appears that Section 22(a) operated to impose the tax upon the petitioner unless the provisions of Section 161(a) (2) and Section 162(b) served to relieve her of tax and impose it upon the trustees. This is the pattern of taxation which Congress intended to impose on individuals and on trusts. If the income from the trusts was "to be distributed currently" by the fiduciary to the petitioner, whether she received it or not,[2] she was liable for the tax. If the income was not currently distributable by the trustees to the petitioner then the tax should have been imposed upon the trustees.

We think it is clear that under our interpretation of the law in Graham v. Miller the tax in the case at bar should be imposed on the trustees and not on the petitioner for the income was not distributable during the taxable year of the trust. We were under the impression that the Com-

---

[1] The provisions of Section 22(a), 161 and 162(b) of the Internal Revenue Code are identical with the corresponding provisions of the Revenue Act of 1938.

[2] In Freuler v. Helvering, 291 U.S. 35, 42, 54 S.Ct. 308, 311, 78 L.Ed. 634, Mr. Justice Roberts stated, "The test of taxability to the beneficiary is not receipt of income, but the present right to receive it."

missioner had acquiesced in the views ex-. pressed by this court in Graham v. Miller as. he had in the decisions in Eustis v. Commissioner, supra. In the case at bar the Commissioner's position is directly contrary to that which he successfully urged before this court in Graham v. Miller.

In our opinion the position of the Commissioner is not·aided substantially by the decision of the Tax Court in Mallinckrodt v. Commissioner of Internal Revenue, 2 T.C. 1128, affirmed sub nom. Mallinckrodt v. Nunan, 146 F.2d 1, certiorari denied Mallinckrodt v. Commissioner of Internal Revenue, 324 U.S. 871, 65 S.Ct. 1017, 89 L. Ed.· 1426. ·While the Tax Court rested its decision primarily upon the provisions of Section 22(a), the fact appears, as· we read the decision of the Tax Court [3] and its interpretation of the provisions of article· fourth of the indenture, that Mallinckrodt was entitled to receive the income within the taxable year of the trust. Cf. also the provisions of the Mallinckrodt indenture with the indentures in the case at ·bar· and that which was before the Supreme Court in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

The question presented is a pure question of law. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, may not be urged in support of the decision of the Tax Court. See Sunderland v. Commissioner of Internal Revenue, 3 Cir., 151 F.2d 675, 679.

The decision of the Tax Court is reversed.