STUART A. SELIGSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Seligson
Docket No. 20487-90
United States Tax Court
T.C. Memo 1992-320; 1992 Tax Ct. Memo LEXIS 353; 63 T.C.M. (CCH) 3101; June 8, 1992, Filed *353 Decision will be entered for respondent. Stuart A. Seligson, pro se. M. Catherine McKenna and Elaine L. Sierra (specially recognized), for respondent. GOLDBERG
GOLDBERG
MEMORANDUM OPINION
GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for the year 1986 in the amount of $ 4,550 and additions to tax under section 6653(a)(1)(A) and (B) in the amounts of $ 228 and 50 percent of the interest attributable to the portion of the deficiency due to negligence. After a concession by petitioner, the issues for our decision are: (1) Whether petitioner is required to recognize as taxable income the amounts of $ 9,453 in interest and $ 1,542 in dividends distributable to him from a trust created for his benefit by his father, Charles Seligson, and (2) whether petitioner is liable for the additions to tax for negligence or intentional disregard of rules or regulations. Some of the *354 facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in San Francisco, California, when he filed his petition. Petitioner is the sole income beneficiary of a testamentary trust (the Trust) created by his father, Charles Seligson, who died on September 10, 1975. Petitioner was estranged from his father and for personal reasons does not wish to receive the income from the Trust. The Trust, which is administered by a law firm in New York City, has a fiscal year ending October 31. The terms of the will which create the Trust are as follows: ARTICLE NINTH: The following are the terms of the separate trust for the benefit of my son, STUART ALAN SELIGSON: (A) During the lifetime of my son, my Trustees shall pay to him, or apply for his benefit, the entire net income in quarter annual or more frequent installments as may be convenient to my Trustees. (B) In addition, my Trustees may at any one time or from time to time, and without regard to my son's assets or resources apart from this trust, pay to my son, or apply for his benefit, so much or all of the principal of this trust as my Trustees *355 shall deem advisable for his support, maintenance and health, and to enable him to maintain his accustomed standard of living, even though any such distribution of principal may terminate this separate trust. (C) Upon the death of my son, the then remaining principal of the trust, together with all accrued and undistributed income, shall be disposed of pursuant to paragraph "(A)" of Article EIGHTH of this Will on the basis of the facts then prevailing as though I had died immeidately after my son. Article EIGHTH is the residuary clause of the will, providing for Charles Seligson's daughter, her descendants, and other family members. Petitioner received copies of the fiduciary income tax return of the Trust for the fiscal year ending October 31, 1986, an annual accounting, and a Schedule K-1, Beneficiary's Share of Income, Deductions, Credits, etc. According to these documents, as of the end of fiscal 1986, the Trust had undistributed income which was distributable to petitioner in the amount of $ 111,504.63. Petitioner's Schedule K-1 and the Trust's annual accounting for fiscal 1986 reported the following amounts as distributable income to petitioner: Dividends
$  1,542
Interest
9,453
Total
$ 10,995
*356 Accompanying these documents, petitioner received a letter dated March 2, 1987, from Samuel H. Laitman, acting on behalf of the Trust, informing petitioner that the Trust had on hand income of $ 111,504.63 which was distributable to him. The letter requested of petitioner: "Please advise me if you will accept distribution of this amount at this time and it will be remitted to you." Petitioner has made no such requests for distributions. Petitioner received no distributions of income or principal from the Trust in 1986. Petitioner has not disclaimed, renounced, or assigned his rights in the Trust. Respondent determined that petitioner is taxable on the income of the Trust. Her rationale was that the Trust is a simple trust, all of whose income is required to be distributed to petitioner. Petitioner's position is that the income is not taxable to him, as the Trust is a complex trust which accumulates income for unascertained beneficiaries. The determination of respondent is presumed to be correct, and petitioner bears the burden of proving respondent's determination to be erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Respondent's position *357 is that, pursuant to the provisions of section 651(a), the Trust is a simple trust. Section 651(a) provides: In the case of any trust the terms of which -- (1) provide that all of its income is required to be distributed currently, and (2) do not provide that any amounts are to be paid, permanently set aside, or used for the purposes specified in section 642(c) (relating to deduction for charitable, etc., purposes), there shall be allowed as a deduction in computing the taxable income of the trust the amount of the income for the taxable year which is required to be distributed currently. This section shall not apply in any taxable year in which the trust distributes amounts other than amounts of income described in paragraph (1). A trust to which section 651 applies, i.e., a trust which is required to distribute all of its income currently, which has no provisions for charitable contributions, and which makes no distributions which are not out of current income, is referred to as a "simple trust". Sec. 1.651(a)-1, Income Tax Regs.
The regulations explain the meaning of section 651(a) as follows: Income required to be distributed currently. -- (a) The determination *358 of whether trust income is required to be distributed currently depends upon the terms of the trust instrument and the applicable local law. * * * The fiduciary must be under a duty to distribute the income currently even if, as a matter of practical necessity, the income is not distributed until after the close of the trust's taxable year. * * * However, if the terms of a trust require that none of the income be distributed until after the year of its receipt by the trust, the income of the trust is not required to be distributed currently and the trust is not a simple trust. * * * [Sec. 1.651(a)-2(a), Income Tax Regs.] The regulations also state that a trust may be a simple trust for 1 year and a complex trust for another year. Sec. 1.651(a)-1, Income Tax Regs.
As a correlate of the provisions of section 651(a), providing a deduction to a trust for amounts required to be distributed currently, section 652(a) requires the beneficiary to include such amounts in his or her income: the amount of income for the taxable year required to be distributed currently by a trust described in section 651 shall be included in the gross income of the beneficiaries to whom the income *359 is required to be distributed, whether distributed or not. * * * [Sec. 652(a).] Thus, a simple trust acts as a conduit: the income which is required to be distributed flows through the trust and is taxed to the beneficiary. The terms of the Trust require that all income be distributed currently to petitioner. The will of Charles Seligson provides: "During the lifetime of my son, my Trustees shall pay to him, or apply for his benefit, the entire net income in quarter annual or more frequent installments." (Emphasis supplied.) The terms of the Trust also permit the trustees to make distributions of principal, but in 1986, no such distributions were made. The Trust makes no provision for charitable contributions. Hence, the Trust is a simple trust for tax year 1986. (The fiduciary income tax return of the Trust for fiscal year 1986 erroneously classified it as a complex trust; this error has no bearing upon our determination of the Trust's classification.) Petitioner points to three cases in which income was held to be taxable to an entity (trust or estate) because the income was required to be accumulated and distributed in a later year. Graham v. Miller, 137 F.2d 507 (3d Cir. 1943); *360 Commissioner v. Dean, 102 F.2d 699 (10th Cir. 1939), affg. 35 B.T.A. 839 (1937); Eustis v. Commissioner, 30 B.T.A. 820 (1934). These cases can be distinguished because all dealt with entities whose terms differed from those of the Trust in that they were required to accumulate some or all of their income and distribute it in a later year. Hence, these entities would now be classified as complex trusts under the second-to-last sentence of section 1.651(a)-2(a), Income Tax Regs: "However, if the terms of a trust require that none of the income be distributed until after the year of its receipt by the trust, the income of the trust is not required to be distributed currently and the trust is not a simple trust." We also note that the cases upon which petitioner relies were decided before the enactment of the Internal Revenue Code of 1939, and well before the adoption of the current regulations. In two of the cases cited by petitioner, the beneficiaries for whom income was accumulated were found to be unascertained at the date on which the amount of distributable income was determined. Graham v. Miller, supra; *361 Eustis v. Commissioner, supra. Petitioner argues that at the time of his death the undistributed income of the Trust is not payable to his estate, but is to be distributed under the residuary clause of his father's will to beneficiaries who are not currently ascertainable. Hence, petitioner argues, the Trust is a complex trust. Petitioner ignores section 1.651(a)-1, Income Tax Regs., which provides: "A trust may be a simple trust for one year and a complex trust for another year." The Trust may indeed become a complex trust in the year of petitioner's death or under other circumstances about which the Court may only speculate. This possibility is provided for in section 1.651(a)-2(c), Income Tax Regs., which states: "If in one taxable year of a trust its income for that year is required or permitted to be accumulated, and in another taxable year its income for the year is required to be distributed currently (and no other amounts are distributed), the trust is a simple trust for the latter year." For the year in question, the trustees of the Trust were required to distribute all income currently, and they made no principal distributions or charitable distributions. *362 Hence, we find that, for that year, the Trust was a simple trust and petitioner was required to include in his gross income the income currently distributable to him from the Trust. Sec. 652(a). Petitioner also argues that he should be taxed only on actual distributions from the Trust. Under the doctrine of constructive receipt, actual receipt of cash is not the only circumstance under which income becomes taxable to a taxpayer: Constructive receipt of income. -- (a) General Rule. Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. * * * [Sec. 1.451-2(a), Income Tax Regs.] Thus, when income is available to a taxpayer so that he may draw upon it, so that it is his for the asking, the taxpayer is taxable on the income "constructively" received. A taxpayer recognizes taxable income when he or she has an unqualified, vested right to receive immediate payment. Ross v. Commissioner, 169 F.2d 483, 490 (1st Cir. 1948), *363 revg. on another issue a Memorandum Opinion of this Court dated Feb. 10, 1947. This principle was applied to trust income in Letts v. Commissioner, 84 F.2d 760, 762 (9th Cir. 1936), affg. 30 B.T.A. 800 (1934) (trust income currently distributable is taxable to the beneficiary whether or not actually distributed to him). Under the terms of the Trust, the income is required to be distributed to petitioner. Petitioner was notified by the letter from Samuel H. Laitman dated March 1, 1987, that the current and accumulated income of the Trust was available to him. Petitioner has never disclaimed, renounced, or made an effective assignment of his rights under the Trust. Hence, we find that petitioner was in constructive receipt of the Trust income for 1986. Consequently, we also hold that under the doctrine of constructive receipt, he is required to include the Trust income distributable to him in his taxable income for 1986. Respondent also determined that petitioner is liable for the additions to tax under section 6653(a)(1)(A) and (B) for negligence or intentional disregard of rules or regulations. Negligence under section 6653(a) means lack *364 of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). We find that petitioner was negligent in failing to report the income distributable to him by the Trust in 1986. He was informed by the March 1, 1987 letter from Samuel H. Laitman that the amounts of income contained in the Schedule K-1 enclosed were taxable to him. In addition, petitioner's prior tax return had been examined by respondent with respect to the taxability to him of income from his father's estate. These facts constituted notice of the need to seek legal advice. We hold that petitioner is liable for the additions to tax for negligence or intentional disregard of rules or regulations for tax year 1986. Decision will be entered for respondent.