IDA WOLF SCHICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16067.   Promulgated April 3, 1931.

*Arthur Carnduff*, *Esq.*, for the respondent.

OPINION.

Trussell: It appears that respondent has included in petitioner's gross income for 1922 the total amount paid over to her by the Court in that year upon the termination of the litigation and the ascertainment of the party entitled to receive the rents and income from the South Salina Street property. That sum released to petitioner in 1922 included rents and income derived from the property during each of several years while the true ownership of such rents and income was not known and the Court impounded such funds in the hands of a receiver who held them in trust for the unascertained owner. Sections 219 of the Revenue Acts of 1918 and 1921 provide:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

\*          \*          \*          \*          \*          \*          \*

(2) Income accumulated in trust for the benefit of unborn or unascertained persons \*  \*  \*

\*          \*          \*          \*          \*          \*          \*

(b) The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. \*  \*  \*

(c) In cases under paragraph (1), (2), or (3) of subdivision (a) \*  \*  \* the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary \*  \*  \*.

Sections 200 of the Revenue Acts of 1918 and 1921 provide:

(2) The term "fiduciary" means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person, trust or estate.

That receiver appointed by the Court, who received and held for the unascertained owner the rents and income from the said property as it was actually produced in years prior to and including a portion of 1922, was a " fiduciary " within the meaning of the applicable revenue acts and he was required to file returns for and pay the taxes on such income. *United States* v. *Chicago & E. I. Ry. Co.*, 298 Fed. 779; *Ferguson* v. *Forstmann*, 25 Fed. (2d) 47.

In the case of *North American Oil Consolidated*, 12 B. T. A. 68, the Board had this same question under consideration. In that case the Commissioner contended the amount impounded in the hands of a receiver and released to the taxpayer in 1917 was income to the taxpayer in that year for it was on the cash receipts and disbursements basis. The Board held that the taxpayer's accounting basis was immaterial; that the receiver, appointed by reason of litigation, actually received the income and should have reported it for taxation; that if the receiver did not report it, that is not a sufficient reason for taxing the taxpayer thereon in a later year; and that the amount released to the taxpayer in 1917 was not income to it in that year.

We are of the opinion that the amount released by the Court and paid over by the receiver to the petitioner in 1922 was not an item of income to her in that year, and the proper adjustment should be made accordingly.

The petitioner alleges that she paid in 1922 the real estate taxes on the property for the years 1919, 1920, and 1921. However, such taxes were actually paid during those years and not in 1922, when the petitioner repaid the money borrowed for the purpose of paying such taxes. The petitioner being on the cash basis, a deduction on account of taxes must be claimed and allowed in the year when actually paid and, accordingly, petitioner is not entitled to the claimed deduction in 1922 for taxes.

The expenditures made by petitioner for defending her title to real property and for replacing the sidewalk in front of and the furnace in said property, constituted capital expenditures and she is entitled to the deduction thereof spread over the period from the year in which the items were paid to the end of the period of her estimated life expectancy, or, in the matter of the sidewalk and furnace, over the period of the useful life of such improvements, whichever is shorter.

There is no controversy as to the amounts claimed by petitioner and disallowed by respondent, and accordingly, the petitioner's tax liability should be recomputed for the years under review in accordance with this decision.

*Judgment will be entered pursuant to Rule 50.*