*Decision will be entered under Rule 50.*

IRENE C. MOFFETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18451. Promulgated March 21, 1950.

*Hugh C. Bickford, Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

446

OPINION.

Leech, *Judge*: Petitioner contends that respondent erred in including in her income for the year 1944 the sum of $21,900, representing 3 per cent of the original cost of certain joint and survivor annuity contracts. It appears to be the position of petitioner that, since she was required, as transferee, to pay the deficiency in estate taxes determined against her husband's estate in order to protect her interest in those contracts, no part of the annual payments under those contracts is includible in her gross income until she has recouped the sum so paid. Petitioner argues that the annuity contracts should not have been included in the gross estate of her deceased husband; and, since she was required to pay the estate tax deficiency as transferee, the payment was made under duress. Assuming the soundness of those contentions, we think it unnecessary to discuss the remedies that might have been open to petitioner at the time she agreed to and did pay the deficiency. In any event, on this record, we are convinced that she can not contest the propriety of that determination here. Thus, for the purposes of this proceeding, such payment must be treated as a legal exaction. The payment of the estate tax deficiency had no effect on the relationship of the company issuing the annuity contracts and petitioner. She was the annuitant during the tax year. We, therefore, hold that the respondent properly included in petitioner's taxable income for the taxable year involved 3 per cent of the total consideration of $730,000 paid for the issuance of the annuity contracts, or the sum of $21,900, under section 22 (b) (2) (A) of the Internal Revenue Code. *Title Guarantee & Trust Co., Executor*, 40 B. T. A. 475.

It appears from the record that petitioner received no other property from the estate of her deceased husband. The annuity contracts were included in the latter's gross estate for Federal estate tax purposes at a valuation of $424,873.03. The basis on which such valuation was fixed is not disclosed. The deficiency in Federal estate taxes, to the amount of which petitioner, as transferee, consented, was in the amount of $78,004, plus interest of $11,964.68. In addition, petitioner paid Florida inheritance taxes in the amount of $11,150.66. In the taxable year 1944, petitioner paid from her own funds an aggregate of $48,264.04 on account of the Federal estate tax deficiency determined against the estate of Franklyn L. Hutton, consisting of an amount of $37,113.38 paid directly to the collector, and the further sum of $11,150.66 paid on account of Florida inheritance taxes, for which latter sum a credit was allowed in the computation of the estate tax deficiency. Such payment was made as a transferee of property on which a part of the estate tax deficiency was based, i. e., the annuity contracts. The payment was made for the protection and preservation

of her rights as annuitant, and constitutes a capital expenditure. *Morgan Jones Estate,* 43 B. T. A. 691; affd., 127 Fed. (2d) 231; *Edwin M. Klein,* 31 B. T. A. 910; affd., 84 Fed. (2d) 310.

The character of the expenditure is such that it can not be recovered except by amortization. What, then, is the fair and equitable method for the amortization of such expenditure? The annuity contracts with respect to which the expenditure was made are to continue during the life of petitioner, and we think it should be amortized over that period. Cf. *William Ziegler, Jr.,* 1 B. T. A. 186; *Christensen Machine Co.,* 18 B. T. A. 256; *Ida Wolf Schick,* 22 B. T. A. 1067.

We, therefore, hold that petitioner is entitled to a deduction in the taxable year 1944 of an amount to be determined by dividing the expenditure of $48,264.04 made in 1944 by the number of years remaining in petitioner's life expectancy determined as of 1944. She was born August 9, 1891. By way of illustration, assuming that in 1944 petitioner had an expectancy of 15 years, the amount of the deduction would then be $48,264.04 divided by 15, or $3,217.60. However, the correct amount of the allowable deduction will be determined under the above formula under Rule 50.

*Decision will be entered under Rule 50.*